Lin v. Garland

BIA
Vomacka, IJ
A206 091 375

**UNITED STATES COURT OF APPEALS**
**FOR THE SECOND CIRCUIT**

## <u>SUMMARY ORDER</u>

RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING TO A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 20th day of May, two thousand twenty-two.

PRESENT:
 REENA RAGGI,
 JOSEPH F. BIANCO,
 EUNICE C. LEE,
  *Circuit Judges.*

_____

YUAN LIN,
  *Petitioner*,

 v.                                        19-4104
                                           NAC

MERRICK B. GARLAND, UNITED
STATES ATTORNEY GENERAL,
  *Respondent.*

_____

FOR PETITIONER:      Gary J. Yerman, Esq., New York, N.Y.

FOR RESPONDENT:      Jeffrey Bossert Clark, Acting Assistant Attorney General; Holly

M. Smith, Senior Litigation
Counsel; David J. Schor, Trial
Attorney, Office of Immigration
Litigation, United States
Department of Justice, Washington,
D.C.

UPON DUE CONSIDERATION of this petition for review of a Board of Immigration Appeals ("BIA") decision, it is hereby ORDERED, ADJUDGED, AND DECREED that the petition for review is DENIED.

Petitioner Yuan Lin, a native and citizen of the People's Republic of China, seeks review of a November 21, 2019 decision of the BIA affirming a March 9, 2018 decision of an Immigration Judge ("IJ"), which denied Lin's application for asylum, withholding of removal, and protection under the Convention Against Torture ("CAT"). *In re Yuan Lin,* No. A206 091 375 (B.I.A. Nov. 21, 2019), *aff'g* No. A 206 091 375 (Immigr. Ct. N.Y.C. Mar. 9, 2018). We assume the parties' familiarity with the underlying facts and procedural history.

We have reviewed the IJ's decision as modified by the BIA. *See Xue Hong Yang v. U.S. Dep't of Just.*, 426 F.3d 520, 522 (2d Cir. 2005). The standards of review are well established. *See* 8 U.S.C. § 1252(b)(4); *Hong Fei Gao v. Sessions*, 891 F.3d 67, 76 (2d Cir. 2018) (reviewing adverse

2

credibility determination for substantial evidence); *Yanqin Weng v. Holder*, 562 F.3d 510, 513 (2d Cir. 2009) (reviewing factual findings for substantial evidence and questions of law de novo).

"Considering the totality of the circumstances, and all relevant facts, a trier of fact may base a credibility determination on . . . the inherent plausibility of the applicant's . . . account," and inconsistencies within and between an applicant's statements "without regard to whether [they] . . . go to the heart of the applicant's claim." 8 U.S.C. § 1158(b)(1)(B)(iii). "We defer . . . to an IJ's credibility determination unless, from the totality of the circumstances, it is plain that no reasonable fact-finder could make such an adverse credibility ruling." *Xiu Xia Lin v. Mukasey*, 534 F.3d 162, 167 (2d Cir. 2008); *accord Hong Fei Gao*, 891 F.3d at 76. Substantial evidence supports the agency's determination that Lin was not credible as to his claim of religious persecution.

The agency reasonably relied on inconsistencies between Lin's application, credible fear interview, and testimony. *See* 8 U.S.C. § 1158(b)(1)(B)(iii). Lin was inconsistent

3

about the date of his second arrest, which called into question the date he said he was handing out religious leaflets because, depending on the date of the arrest, he would still have been detained at the time he claimed to be distributing leaflets. Moreover, he gave two different dates for when he allegedly distributed those leaflets. Further, the agency was not required to credit Lin's explanations that he gave random dates at his interview because he was scared. *See Majidi v. Gonzales*, 430 F.3d 77, 80 (2d Cir. 2005) ("A petitioner must do more than offer a plausible explanation for his inconsistent statements to secure relief; he must demonstrate that a reasonable fact-finder would be *compelled* to credit his testimony." (internal quotation marks omitted)).

In addition to these inconsistencies, Lin omitted from his credible fear interview that his parents were permitted to take him out of detention to receive medical treatment for a hand injury caused by the police during his arrest and then return him to detention. The agency reasonably relied on this omission because Lin mentioned the injury during his credible fear interview but did not mention the unusual fact

4

that the police allowed his parents to temporarily take him out of detention for medical treatment. *See Singh v. Garland*, 6 F.4th 418, 428 (2d Cir. 2021) (explaining that whether an omission hurts credibility "depends in part on the importance that the omitted fact would have had for the purpose of the earlier telling"); *Hong Fei Gao*, 891 F.3d at 78-79 (explaining that an IJ should consider "whether [omitted] facts are ones that a credible petitioner would reasonably have been expected to disclose under the relevant circumstances"). Moreover, the omission created an inconsistency about whether the police paid attention to his injuries. *Cf. id.* at 78 (holding that "omissions are less probative of credibility than inconsistencies created by direct contradictions" (internal quotation marks omitted)).

The agency also reasonably relied on the lack of corroboration of Lin's testimony. "An applicant's failure to corroborate his . . . testimony may bear on credibility, because the absence of corroboration in general makes an applicant unable to rehabilitate testimony that has already been called into question." *Biao Yang v. Gonzales*, 496 F.3d 268, 273 (2d Cir. 2007). Lin presented no evidence of his

5

church attendance in the United States. Further, the IJ did not err in rejecting, or in declining to credit, letters from his parents, aunt, and friends in China because Lin filed them after the deadline set by the IJ, the authors were not available for cross-examination, and some of the authors were interested witnesses. *See* 8 C.F.R. § 1003.31(h) ("The immigration judge may set and extend time limits for the filing of applications and related documents."); *Y.C. v. Holder,* 741 F.3d 324, 332 (2d Cir. 2013) ("We generally defer to the agency's evaluation of the weight to be afforded an applicant's documentary evidence."); *In re H-L-H- & Z-Y-Z-,* 25 I. & N. Dec. 209, 215–16 (B.I.A. 2010) (letters from applicant's friends and family were insufficient to provide substantial support for alien's claims because they were, among other deficiencies, from "interested witnesses who were not subject to cross-examination"), *overruled on other grounds by Hui Lin Huang v. Holder*, 677 F.3d 130, 133–38 (2d Cir. 2012).

In sum, the inconsistencies, omission, and lack of corroboration provide substantial evidence for the agency's adverse credibility determination. *See* 8 U.S.C.

6

§ 1158(b)(1)(B)(iii); *Xiu Xia Lin*, 534 F.3d at 166–67. The adverse credibility determination is dispositive of asylum, withholding of removal, and CAT relief because all three claims were based on the same factual predicate. *See Paul v. Gonzales*, 444 F.3d 148, 156–57 (2d Cir. 2006). Because the adverse credibility determination is dispositive, we do not reach the Government's argument that Lin failed to exhaust his CAT claim before the BIA.

For the foregoing reasons, the petition for review is DENIED. All pending motions and applications are DENIED and stays VACATED.

FOR THE COURT:
Catherine O'Hagan Wolfe,
Clerk of Court